## C. N. Streeper, Appellee, v. Mutual Protective League, Appellant.

1. INSURANCE, § 747*—*when subsequent by-law of benefit society is valid and binding on member.* Where a by-law of a benefit society at the time a person became a member provided the society should not be liable to pay the benefits of members who commit suicide, whether sane or insane, "except it be committed in delirium resulting from illness, or while the member is under treatment for insanity or has been judicially declared insane," and thereafter a by-law was adopted changing the former by-law so that the society should not be liable for benefits in case suicide whether sane or insane, without any exception, *held* that the subsequent by-law was not unreasonable and oppressive and that the person becoming a member before its adoption was bound thereby.

2. INSURANCE, § 779*—*when beneficiary cannot claim that benefit certificate was not accepted by member with its provisions.* A beneficiary suing on a benefit certificate to recover insurance cannot claim that the provision in the certificate limiting the liability of the society is not a part of the contract, for the reason that the certificate was not under seal, was not signed by the member and that application was never signed by the member; the beneficiary cannot repudiate the certificate and at the same time seek to recover on it.

3. INSURANCE, § 779*—*when member and beneficiary bound by provisions in benefit certificate.* A member by paying dues and assessments and the beneficiary by bringing suit upon the certificate thereby accepts and adopts the certificate with all of its lawful provisions.

Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 1, 1914.

MORGAN LEMASTERS, for appellant.

J. F. GILLHAM and WILLIAM P. BOYNTON, for appellee.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

Mr. Justice Harris delivered the opinion of the court.

This is a suit in *assumpsit* brought by appellee as beneficiary in a benefit certificate issued by appellant to Henry C. Streeper, brother of appellee.

The pleadings in the case at the time of the trial consisted of the original declaration, one count declaring upon the benefit certificate and two additional counts for money had and expended. Appellant pleaded three special pleas. The first of said pleas averred that Henry C. Streeper came to his death by committing suicide and that by reason thereof appellant was not liable, except for the amount contributed to the benefit fund, the sum of $118.31.

The second special plea averred that Henry C. Streeper under the provisions of the benefit certificate set out in plaintiff's declaration which is issued and accepted subject to all the conditions on the back thereof and subject to all laws, rules and regulations of the Mutual Protective League now in force or that may be hereafter enacted and shall be null and void if said member did not comply therewith. It is further averred in said plea that the constitution of appellant, in force and effect at the time of the death of said Henry C. Streeper, section 186, provides that the order will not pay the benefits of members who commit suicide, whether sane or insane, except money contributed to the benefit fund by such member shall be refunded to the beneficiary out of such fund in lieu of the benefits.

The third special plea, except as to said sum of $118.31, avers that said certificate was five-year mutual form issued to Henry C. Streeper, a member of Council No. 462 of Mutual Protective League located at Upper Alton, State of Illinois, and that in consideration of the statement of said member in his application and medical examination, both of which are made a part of this contract of membership, warranted that if said Henry C. Streeper should die by suicide, wheth-

er sane or insane, except it be committed in delirium resulting from illness while under treatment for insanity, etc., the order shall not be liable under this contract; that Henry C. Streeper agreed to make payment of all dues and assessments and conform in all respects to the constitution, by-laws, rules and regulations of the order now in force or that might be hereafter enacted; that Henry C. Streeper by drinking carbolic acid died by suicide. Judgment prayed, except as to the amount of $118.31.

General issue filed. Replications to general issue and special pleas.

The evidence under the issues joined in this case, about which there was no dispute, appears as follows: Henry C. Streeper made application, was examined and received as a member of the Mutual Protective League, March 19, 1903, and there was issued to him by appellant a benefit certificate for $1,000; that after the death of his wife, February 1, 1906, appellee became and was accepted as his beneficiary in said certificate; that Henry C. Streeper paid all dues and assessments on said certificate to the time of his death, December 5, 1911; that his death was caused by drinking carbolic acid administered by himself with suicidal intentions.

The defendant denies liability under the pleadings and evidence in this case for any sum except a return of the moneys paid in as dues and assessments because the said Henry C. Streeper committed suicide; that a tender was made for the amount of said dues and assessments; that the Circuit Court committed error in refusing to so instruct the jury.

The appellee admits the suicide but contends that appellant is liable under the certificate because: The said Henry C. Streeper had never in the proper manner accepted the certificate and its provisions.

That he was not bound by subsequent by-laws of the society unless he received actual or personal notice of the passage of such by-laws.

That Henry C. Streeper committed suicide while delirious resulting from illness which was excepted under section 202 of the by-laws of appellant in force at the time the certificate was issued.

That the amended by-law issued by appellant September 17, 1911, as section 186, is unreasonable and not binding upon appellee.

That no actual tender of the money was ever made by appellant.

The suicide in this case is not a matter of dispute. The only question is whether or not deceased was bound by the by-law section 186 and, if not, whether he committed suicide under the exception of section 202 while in delirium resulting from illness.

Therefore, taking the reasons given by appellee: That certificate delivered to Henry C. Streeper was not under seal, was not signed by Henry C. Streeper and that the evidence does not show he ever signed the application, cannot be sustained because the action is based upon the certificate, and the beneficiary cannot repudiate it and at the same time seek to recover upon it. The cause of action for $1,000 is not divisible. He is held by the payment of dues and assessments and his beneficiary by the bringing of suit to have accepted and adopted it with all of its lawful provisions.

The application, medical examination and certificate are to be held under the law between the respective parties as the entire contract and each bound accordingly. One of the provisions in this contract was that the insured be bound by all subsequent by-laws. This was a part of the contract, and the insured was bound thereby unless it appears that said by-laws or rules were unreasonable and not within the law. Under the provisions of this contract, actual or personal notice was waived by the insured. Constructive notice was sufficient and under the undisputed evidence insured as a party to the contract received constructive notice of the passage of all by-laws.

The amended by-law section 186, issued September 17, 1911, changing section 202, in full force at the time Henry C. Streeper was accepted as a member of the said society, differs from section 202 in this: That under section 202 the words "except it be committed in delirium resulting from illness, or while the member is under treatment for insanity, or has been judicially declared insane," as they appear in said section are omitted from section 186.

The contention of appellee being that this case is to be decided under by-law section 202, which reads, so far as material, as follows: "This order will not pay the benefits of members who commit suicide, whether sane or insane except it be committed in delirium resulting from illness, etc.," and appellant contending that the case is to be decided under section 186, which reads, so far as material, as follows: "This order will not pay the benefits of members who commit suicide whether sane or insane." It will be noticed under section 202 there was a limitation to paying for members who commit suicide, and three classes of persons who committed suicide were excepted and paid for: Those who committed suicide in a delirium resulting from illness; those who were being treated for insanity; those who had been judicially declared insane.

All others who committed suicide under section 202 to receive no benefits under the contract, and this section according to appellee was reasonable and not oppressive. If this be true, we cannot understand why the further limitation of its liability, so long as it treats all members alike, eliminating the three exceptions above mentioned was making it unreasonable. It is not unusual for those offering protection to people to refuse to become responsible for the act of a person who commits suicide, because it is an irresponsible, irrational act. We are of opinion this amended by-law section 186 was not unreasonable and that Henry C. Streeper and his beneficiary, appellee, were

bound by it. We are of the opinion that on the day of the death of Henry C. Streeper, from the evidence of Mrs. Osborne and Katie Martin, the only witnesses who saw and talked with deceased on that day, that he was not suffering from delirium caused by pain from the lump on his neck, and this is the only excuse offered by appellee for the commission of the act.

As this case must be remanded on a question of liability of appellant as to the amount insured paid in the benefit fund the errors with reference to the sufficiency of the tender, and the liability for costs will not at this time be discussed. We are of the opinion under the pleadings and evidence in this case that the instruction offered by appellant at the close of all the evidence in the case, instructing the jury to find for the plaintiff and to assess the damages in the sum the evidence shows insured had paid into the benefit fund of appellant, should have been given and its refusal was error, for which error this case will be reversed and remanded.

*Reversed and remanded.*